IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEL MONTE FRESH PRODUCE,
N.A., INC.,

            Plaintiff,

vs.

CHIQUITA BRANDS
INTERNATIONAL, INC., and
KIM KINNAVY,

            Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)

No. 07 C 5902

JUDGE HIBBLER

MAGISTRATE JUDGE BROWN

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION

### I.    SUMMARY OF MOTION

With respect to the Count VIII Illinois Trade Secrets Act (herein "ITSA") claim, this Court addressed arguments and facts which Kinnnavy did not raise in her May 9, 2008 Motion for Summary Judgment, for which Del Monte was denied by Magistrate Judge Brown an opportunity for discovery, and for which Kinnavy, for the first time, raised in her reply brief. At a March 4, 2009 hearing, on Del Monte's Motion to Strike Kinnavy's Count VIII reply brief arguments because those reply brief arguments were outside the scope of Kinnavy's May 9, 2008 summary judgment motion, this Court stated that it would disregard arguments not properly raised. In its March 4, 2009 Order, this Court stated that "[i]f during its review of said reply the Court finds any portions of the reply to be improper it will disregard them."

Kinnavy's Memorandum in Support of Defendant Kinnavy's Motion for Summary Judgment (pg. 17) regarding the Count VIII ITSA claim raised one argument: "Del Monte N.A. cannot show that it properly protected what it claims are trade secrets." Kinnavy's Motion for

1

Summary Judgment likewise was narrowly focused as follows: "Count VII purports to allege claims based on the Illinois Trade Secrets Act. Again, since Del Monte N.A. has not pleaded facts to show that it protected any such information as the ITSA requires, and its documents it has attached confirm that it has no binding confidential agreement, summary judgment should be granted in favor of Kinnavy." Kinnavy Motion, pg. 2, Point 6. The one case Kinnavy cited in her Memorandum, *Arcor, Inc. v. Haas*, 842 N.E.2d 265, 271 (1st Dist. 2005), dealt with, as Kinnavy argued in her Memorandum (br., pg. 17), "limited security measures."

However, in her Reply Brief, Kinnavy switched gears and for the first time argued that certain stolen documents were not trade secrets. Kinnavy's Rule 56.1 Statement of Undisputed Facts did not identify the stolen documents, and Del Monte, because of the briefing schedule, was deprived of an opportunity to rebut or address Kinnavy's new Count VIII argument. Nonetheless, this Court in its March 19, 2009 Memorandum Opinion and Order resolved the new arguments raised for the first time by Kinnavy in her reply brief. Granting Kinnavy's Motion for Summary Judgment with respect to Count VIII based on arguments raised for the first time in her Reply Brief amounts to a trial by ambush and should not be condoned by this Court.

## II. PROCEDURAL BACKGROUND

On May 9, 2008, Kinnavy filed her summary judgment motion and related Local Rule 56.1 statements of fact. Kinnavy's argument regarding Count VIII addressed one issue: whether sufficient protective steps were taken to merit ITSA coverage. *See* Kinnavy's initial br., pgs. 17-18. Kinnavy's Rule 56.1 statement of facts failed to identify the "various documents" she sent to her email account and stated that "the only documents she opened were one 7 year old customer list and an additional list of customer contact numbers of commonly known companies within the industry." *See* Kinnavy Local Rule 56.1 Fact Statement, No. 24.

2

When Kinnavy filed her reply brief on January 26, 2009, for the first time she argued that the stolen documents did not rise to the level of a trade secret. *See* Kinnavy's Reply br., pg. 17-18. Kinnavy cited cases and made arguments about the trade secret nature of the stolen documents that were not raised in her Motion, initial Memorandum of Law, or Local Rule 56.1 Undisputed Fact Statement.

The Magistrate Judge, with her September 4, 2008 Order on Del Monte's Motion to Compel, limited discovery in this case to only those arguments and issues posed in Kinnavy's initial Motion. Del Monte's opposition briefs and evidentiary submissions were likewise limited to only the issues raised in Kinnavy's initial summary judgment motion, memorandum of law, and Rule 56.1 Fact Statement.

In light of the new arguments raised by Kinnavy in her Reply Brief, Del Monte filed a Motion to Strike Defendants' Reply Briefs Or, In the Alternative, Portions of Defendants' Briefs ("Motion to Strike") on February 27, 2009. Del Monte advised this Court that Kinnavy's Reply Brief included both facts and arguments that were raised for the first time and to which Del Monte did not have an opportunity to respond. On March 4, 2009, the Court denied that Motion, but orally advised the parties that if new arguments were raised in the briefs, it would disregard those arguments. In its Order, this Court likewise stated that "[i]f during its review of said reply the Court finds any portions of the reply to be improper it will disregard them." *See* Exhibit A.

On March 19, 2009, the Court issued a Memorandum Opinion and Order addressing Kinnavy's new reply argument that the Count VIII Illinois Trade Secrets Act claim against Kinnavy did not involve trade secrets. Sl. Op., pg. 22-24.

3

## III.   ARGUMENT

### A.   Whether The Stolen Documents Were Trade Secrets Was Not The Subject of Kinnavy's Summary Judgment Motion Or Opening Brief

The Court should reconsider its March 19, 2009 Memorandum Opinion and Order granting summary judgment on Del Monte's Count VIII breach of the ITSA claim. Del Monte was blindsided by Kinnavy raising new arguments for the first time in her Reply Brief. To grant Kinnavy's Motion for Summary Judgment on the Count VIII trade secrets claim based on these new arguments is patently unfair since Del Monte has had no opportunity to either conduct discovery into these issues or respond. *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990) (holding that where "new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the movant an opportunity to respond").

With respect to the ITSA claim, the only argument raised in Kinnavy's initial summary judgment brief was that "Del Monte cannot show that it properly protected what it claims are trade secrets." Kinnavy's Initial br., pg. 17. The Court's Order does not address that argument; rather, it bases its decision on an argument raised for the first time in Kinnavy's Reply Brief to which Del Monte was provided no opportunity to respond and no discovery.

In Kinnavy's Reply Brief she argues for the first time that "the information that allegedly constitutes trade secrets is not entitled to protection under the Act." *See* Kinnavy's Reply br., pg. 17-18. This argument was neither raised in Kinnavy's initial Motion, nor addressed in her initial Memorandum. Nor was it properly raised or identified in Kinnavy's Rule 56.1 Statement of Undisputed Facts. As a result, Del Monte was unfairly surprised, prejudiced, and deprived of an opportunity to fairly respond to this argument. A party cannot use a reply brief as a forum to make arguments that were available at the time it filed its original motion, but were not properly

raised. *Trs. of the Will County Local 174 Carpenters Pension Trust Fund v. FCJ Real Estate Dev. Co.*, 2008 U.S. Dist. LEXIS 100137, \*7 (N.D. Ill. Dec. 10, 2008). Allowing a party to raise new arguments for the first time in a reply brief is tantamount to a trial by ambush. Doing so allows Kinnavy to blindside Del Monte and unfairly use the briefing schedule to avoid proper discovery and briefing on the merits of that newly raised argument.

In its Motion to Strike, Del Monte specifically requested that the Court strike that portion of Kinnavy's Reply Brief because arguments not raised in an opening brief are waived since "it is improper to present new arguments in a reply brief." *United States v. Magana*, 118 F. 3d 1173, 1198 (7th Cir. 1997); *Walker v. Wallace Auto Sales, Inc.*, 155 F.3d 927, 930 (7th Cir. 1998); *Marie O. v. Edgar*, 131 F.3d 610, 614 n.7 (7th Cir. 1997); *Sebastian v. City of Chicago*, 2008 U.S. Dist. LEXIS 60570, \*69 (N.D. Ill. July 24, 2008). *See* Del Monte's Motion to Strike, Section II.A, pg. 3. In this Court's March 4, 2009 Order on that Motion to Strike, although the Court denied the Motion, it stated that "[i]f, during its review of said reply the Court finds any portions of the reply to be improper it will disregard them." *See* Exhibit A. Since Kinnavy's ITSA reply brief argument was a new argument the court should have either disregarded or stricken that argument.

Contrary to the Court's March 4, 2009 Order, the Court not only considered an argument raised for the first time in Kinnavy's Reply Brief, but granted summary judgment against Del Monte on the ITSA claim based solely on that newly raised argument. *See* Sl. Op., pgs. 21-26. Accordingly, the Court should reconsider its decision.

## B.   The Proper Remedy Is Striking Or Disregarding Kinnavy's New Reply Brief Argument

Striking or disregarding Kinnavy's Reply Brief argument on this ITSA Count VIII claim is the appropriate remedy at this stage.

5

By first raising its new ITSA argument in her Reply Brief, Kinnavy sought to unfairly profit from her stonewalling during discovery and the limited discovery permitted by the Magistrate Judge. Both defendants stonewalled any discovery for months. When Del Monte filed a motion to compel, defendants argued that discovery should be limited by the arguments framed by their summary judgment motions. Discovery was limited to the issues framed by the defendants in their summary judgment motions. If this court does not strike or disregard Kinnavy's new reply brief arguments, then permitting at this point the submission of a supplemental brief by Del Monte will not remedy the situation. Rather, re-examination of those earlier motion to compel rulings will be required.

In addition to requiring re-examination of the earlier discovery rulings, further consideration of Kinnavy's new reply brief arguments will require clarification of the record regarding what documents are at issue. Not only did Kinnavy's Reply Brief raise new issues that Del Monte did not have an opportunity to respond to, the documents at issue have not been authenticated and are not properly before the Court. Kinnavy's Rule 56.1 Statement of Undisputed Facts did not identify the stolen documents or any of the documents subject to the ITSA claim. Indeed, Del Monte's requested discovery involving what additional documents Kinnavy may have stolen has been precluded by the Magistrate Judge. Whether Kinnavy put those documents on her computer and the nature of those documents has not been the subject of Kinnavy's deposition or subject to any other discovery responses from defendants. There is, in short, an improper and unclear record for this Court to address the ITSA claim.

**C.**     **There Are Disputed Factual Questions Which Preclude Summary Judgment On The Count VIII Illinois Trade Secrets Act Claim**

With respect to the Count IX conversion claim, this Court noted in its March 19, 2009 Memorandum Opinion and Order that, with respect to what documents and information was

6

taken by Kinnavy: "Neither side has adequately addressed this dispute. Kinnavy's affidavit makes no mention of whether she actually took files from Del Monte's offices. Kinnavy moved for summary judgment, so it is her burden to show there is no material factual dispute. There are open factual questions to preclude summary judgment." Sl. Op., pg. 28. Those same findings are applicable to the Count VIII ITSA claim. Like with the Count IX conversion claim, Kinnavy's affidavit makes no mention of what documents she took. Del Monte has been precluded by Magistrate Judge Brown's discovery rulings from discovery about what other documents and information Kinnavy may have misappropriated because it was denied an opportunity to probe this issue in discovery. As the movant, it was Kinnavy's burden to make a clear record and demonstrate that there is no material factual dispute; however, Kinnavy has failed to satisfy this burden.

**D.** **To The Extent The Court Considers Kinnavy's New Argument, The Court Has Ignored Applicable Illinois Law**

Assuming, *arguendo*, that the Court did properly consider Kinnavy's new reply brief argument, the Court's decision should still be reconsidered because it misapprehends the nature of the misappropriated trade secrets. Of the documents that Del Monte knows that Kinnavy e-mailed to her personal yahoo.com e-mail account prior to her resignation from Del Monte are the following:

1. Fuel Surcharge letter: Rick's Group;

2. Revised Royal;

3. Contract Renewals;

4. Pineapple update;

5. Phone list;

6. North America Customer Database 2005.xls;

7

7. Fax List – old machine.xls;

8. Fax List – III-6-06; and

9. CUSTMAST.xls.

*See* Del Monte's Local Rule 56.1 Fact Statement, No. 8. Whether individual customer names, pricing information, and customer needs *alone* are sufficient to be considered trade secrets is not necessarily the relevant issue because this information was compiled in lists and contracts which required significant time, effort, and expense to constitute a trade secret. Cases like *Gillis Associated Indus., Inc. v. Cari-All, Inc.*, 564 N.E.2d 881, 885 (Il. App. Ct. 1990), have recognized that those latter factors are relevant in deciding this particular ITSA issue. Further, other purloined documents, such as the fuel surcharge letter and the contracts (*see* sl. op., pgs. 22-26), were not even addressed by the Court. These documents need to be considered together and as a group, as well as additional documents or customer information Kinnavy may have stolen.

Included in the documents are a phone list, two fax lists, and two master customer lists. Contrary to the Court's Order (sl. op., pg. 24), an individual would need to do much more than merely "look in the yellow pages to obtain the contact information of Del Monte customers." Equally important, Del Monte never had an opportunity either for discovery or to submit evidence on these new Kinnavy reply brief points. Even if Del Monte and Chiquita may be aware of each other's customers, several Illinois courts have recognized that if such information can only be duplicated by a significant expenditure of time, effort, and the costly method of "reverse engineering" to compile the lists contained in the pilfered documents, then trade secret treatment is merited. *Hamer Holding Group, Inc. v. Elmore*, 560 N.E.2d 907, 918-19 (Il. App. Ct. 1990); *see also Miller v. Jeffrey J. Landis*, 625 N.E.2d 338, 342 (Il. App. Ct. 1993) (holding

8

"EMI's competitors cannot duplicate EMI's list without significant expenditure of time, effort and expense" and that the list "is secret enough that Elmer Miller derives economic value from it"); *Gillis*, 564 N.E.2d at 885. These are factual issues to be resolved on a clear factual record and that clear factual record is absent here.

Illinois courts recognize that the test to determine what information constitutes a trade secret is not merely whether the list can be duplicated, but whether the list can be duplicated without significant expenditure of time, effort, and expense. *Miller*, 625 N.E.2d at 342. The Court's decision, however, does not address these relevant Illinois cases. Kinnavy failed to raise this argument in her initial Motion and Memorandum and waited until after Del Monte filed its Opposition Memorandum to raise her new reply arguments. As a result, Del Monte has been blind-sided in this litigation. Del Monte was not only deprived of an opportunity both by discovery and counter-affidavits to address these new reply arguments, but was deprived of a fair shot at briefing and litigating these newly raised arguments Because Del Monte has had no opportunity to address these issues, this Court should reconsider its decision.

## IV. CONCLUSION

Arguments raised for the first time in Kinnavy's Reply Brief were waived. *See Pugel v. Bd. of Trs. of the Univ. of Ill.*, 378 F. 3d 659, 669 (7th Cir. 2004)(noting "[a]rguments raised for the first time in a reply brief are waived"). Del Monte respectfully requests that the Court reconsider its decision.

For the above stated reasons, Del Monte requests that this Court reconsider its March 19, 2009 Memorandum and Opinion granting Kinnavy's Motion for Summary Judgment with respect to Del Monte's Count VIII Illinois Trade Secrets Act claim.

9

Respectfully submitted,

DEL MONTE FRESH PRODUCE, N.A., INC.

Dated: April 2, 2009

_____s/ *Marty Denis*_____
One of its Attorneys

Marty Denis
Bethany Hilbert
BARLOW, KOBATA & DENIS
525 W. Monroe, Suite 2360
Chicago, IL 60661
(312) 658-5570
(312) 648-9697 (fax)


Michael D. Robbins
MICHAEL ROBBINS & ASSOCIATES
150 North Wacker Drive, Suite 2460
Chicago, Illinois 60606
(312) 889-8000
(312) 781-9123(fax)

*Attorneys for Plaintiff Del Monte Fresh*
*Produce N.A., Inc.*

10

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 3.2.2
### Eastern Division

Del Monte Fresh Produce, N.A., Inc.

 Plaintiff,

v.

Chiquita Brands International, Inc., et al.

 Defendant.

Case No.: 1:07–cv–05902
Honorable William J. Hibbler

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, March 4, 2009:

 MINUTE entry before the Honorable William J. Hibbler: Motion hearing held on 3/4/2009 regarding motion to strike [215] is denied. Plaintiff's motion to strike defendants' reply briefs, or inter the alternative, portions of defendants' briefs is denied. If during its review of said reply the Court finds any portions of the reply to be improper it will disregard them. Mailed notice (jdh)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.