

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEL MONTE FRESH PRODUCE, N.A., INC., )
)
   Plaintiff, )
) No. 07 C 5902
v. )
) The Honorable William J. Hibbler
CHIQUITA BRANDS INTERNATIONAL, INC., )
and KIM KINNAVY, )
)
   Defendants. )

## MEMORANDUM OPINION AND ORDER

On March 19, 2009, this Court granted Kim Kinnavy summary judgment as to the Illinois Trade Secrets Act ("ITSA") claim raised in Count VIII of Del Monte's First Amended Complaint. Del Monte moves for reconsideration of that decision, arguing that the Court based its decision on an argument which Kinnavy raised for the first time in her reply brief in support of her motion for summary judgment. For the reasons set forth below, the Court grants Del Monte's motion and, upon reconsideration, denies Kinnavy's motion for summary judgment on Count VIII.

### *BACKGROUND*

Kim Kinnavy worked in the Illinois office of Del Monte as distict sales manager from 1999 until she resigned in 2007. Two weeks before she resigned, she emailed files from the laptop Del Monte had assigned her to her personal email address. In Count VIII of the First Amended Complaint, Del Monte claims that by doing so Kinnavy misappropriated Del Monte's documents in violation of the ITSA, 765 ILCS 1065/1 *et seq.* (1st Am. Compl. ¶ 134.)

1

In order to succeed on such a claim, Del Monte must "establish that it had: (1) a trade secret, (2) that the defendant misappropriated and (3) used for business purposes." *Charles Schwab & Co. v. Carter*, No. 04-7071, 2005 WL 2369815, *4 (N.D. Ill. Sept. 27, 2005). The ITSA defines "trade secret" as:

> information, including but not limited to, technical or non-technical data, a formula, pattern, compilation, program, device, method, technique, drawing, process, financial data, or list of actual or potential customers or suppliers, that:
>
> (1) is sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use; and
>
> (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality.

765 ILCS 1065/2.

Kinnavy moved for summary judgment, relying entirely on the argument that the information Kinnavy took from Del Monte did not meet the second prong of this definition because Del Monte did not employ adequate security measures to protect its documents. Then, in her reply brief in support of this motion, Kinnavy set forth a different argument. She argued that the documents and information in question were not "sufficiently secret" to meet the first prong of the definition.

Del Monte moved to strike that argument from Kinnavy's reply brief. On March 4, 2009, the Court denied Del Monte's motion, but stated that it would disregard any portion of the reply which it found to be improper during its review. The Court, in granting Kinnavy's summary judgment motion as to Count VIII, relied entirely on the new argument. *Del Monte Fresh Produce v. Chiquita Brands Int'l, Inc.*, No. 07 C 5902, 2009 WL 743215, *10-*13 (N.D. Ill. Mar. 19, 2009). Del Monte argues that this was improper. Kinnavy does not deny that she had

not presented the argument in her original motion. Instead, she argues that the Court properly considered and relied upon the argument.

## *DISCUSSION*

### I. Motion for reconsideration

#### A. Standard of review

Kinnavy argues correctly that the Court should not grant this motion for reconsideration unless Del Monte establishes "either newly discovered evidence or manifest error of law or fact." *Oto v. Met. Life Ins. Co.*, 224 F.3d 601 (7th Cir. 2000). However, Kinnavy incorrectly assumes that this standard applies only to the Court's ruling on the substantive issues of trade secrets law. By relying on Kinnavy's newly presented argument when it granted her summary judgment, the Court also made an implicit legal determination that the argument was properly before the Court. Del Monte argues that the Court erred in making that implicit legal determination, and that the grant of summary judgment which was a direct result of that purportedly mistaken decision was therefore improper. Thus, Del Monte asserts that that the Court should grant a motion for reconsideration it "has made a decision outside the adversarial issues presented." *Resolution Trust Corp. v. Gallagher*, No. 92 C 1091, 1992 WL 315218, *1 (N.D. Ill. 1992). This standard is also correct, and does not conflict with the standard proposed by Kinnavy. The Court will grant a motion for reconsideration when it commits manifest error by making its decision outside the adversarial issues properly presented by the parties.

#### B. Analysis

Del Monte argues that the Court's reliance on Kinnavy's new argument regarding the first prong of the trade secrets definition deprived it of an opportunity to respond. It also argues that it did not have access to all of the information necessary to respond because the Court

3

limited discovery to the issues raised by the original summary judgment motions.[1] As noted above, Kinnavy admits that she failed to present the argument about the first prong until her reply brief. She does not dispute the general proposition that a "party cannot use a reply brief as a forum to make novel arguments that were available at the time it filed its original motion." *Trs. of the Will County Local 174 Carpenters Pension Trust Fund v. FCJ Real Estate Dev. Co.*, No. 07 C 3362, 2008 WL 5211130, *2 (N.D. Ill. Dec. 10, 2008) (citing *Multi-Ad Svcs., Inc. v. NLRB*, 255 F.3d 363, 370 (7th Cir. 2001). She does not, and cannot, claim that the Court allowed discovery on issues outside those presented by the summary judgment motions. Instead, Kinnavy argues that Del Monte raised new arguments in its response to her summary judgment motion, thereby entitling Kinnavy to respond to these arguments in her reply brief. She argues that Del Monte was not prejudiced by the Court's reliance on an argument which was not presented in her original brief because Del Monte first raised these arguments and because significant discovery had already taken place in a related state court suit,.

1. **The timing of the argument**

When a non-movant raises new arguments in response to a motion, courts have allowed the movant to respond in the reply brief. *See, e.g., Stallings v. Black & Decker Corp.*, 500 F. Supp. 2d 1030, 1033 (S.D. Ill. 2007). However, Kinnavy incorrectly asserts that Del Monte raised the argument in question in response to the summary judgment motion. Kinnavy argues that in its First Amended Complaint, Del Monte provides only vague descriptions of the information which it alleges to be trade secrets. As a result of the vague nature of these allegations, Kinnavy claims, she had no basis for arguing that this information did not meet the first prong of the ITSA trade secrets definition. According to Kinnavy, Del Monte did not describe the information at issue with reasonable specificity until its response to Kinnavy's

---

[1] Defendant Chiquita also filed a motion for summary judgment.

summary judgment motion. Del Monte attached an affidavit by Del Monte employee Rick Cooper, who averred that Kinnavy misappropriated "information involving prices, customer requirements, customer names and contact information."

Kinnavy herself points out, however, that in its First Amended Complaint, Del Monte alleged that the misappropriated documents included "customer lists, customer contacts, fax, and phone numbers, customer contract expiration and pricing information, and customer inventory and shipping requirements." (1st Am. Compl. ¶ 37.) This information described in this allegation is almost identical to that included in the description by Cooper which Kinnavy points to in order to justify raising an argument on reply, and at least as specific.

Moreover, the Court notes that while a movant may at times address *arguments* raised on response in a reply brief, this does not mean that a movant may present new arguments in a reply brief simply because the non-movant added specificity to *facts* originally alleged in the pleadings. Federal Rule of Civil Procedure 8(a)(2) holds Del Monte to a notice pleading standard, and nothing more. On the basis of these pleadings and any discovery Kinnavy had received, she decided to proceed with a summary judgment motion on the basis of an argument regarding the second prong of the trade secrets definition. Then, she argued that discovery should be limited to this argument while Del Monte fought to expand the scope of discovery. She cannot now argue that after forgoing discovery on another issue, she should be able to present an argument about that issue simply because a statement in a Del Monte affidavit tipped her off to the fact that she should have made that argument in the first place by adding some level of specificity to the facts alleged in the complaint.

Kinnavy also points to Cooper's claim in his affidavit that the "data misappropriated by Kinnavy was not readily available from a public source, but, rather, was developed over time

5

with a substantial amount of effort and expense," for support of her argument that Del Monte opened the door for her to make her argument regarding the first prong. For similar reasons, Kinnavy is not in a position to argue this comment provided such an opportunity. First, Del Monte's First Amended Complaint contained allegations that the information in question was "not generally available to the public," (1st Am. Compl. ¶43), and that "Del Monte ha[d] expended considerable time, effort, and resources to develop" that information, (1st Am. Compl. ¶ 117).

Secondly, Del Monte presented no argument about the first prong of the trade secrets definition in its response to Kinnavy's summary judgment motion. Indeed, it had no reason to do so, since Kinnavy did not call that issue into question. Del Monte's entire argument regarding Count VIII concerned the security measures it took to protect its information. Presumably, then, Del Monte did not present Cooper's affidavit in order to prove that it satisfied the first prong of the trade secrets definition. Instead, Del Monte relied on the affidavit for evidence of the security measures it undertook in satisfaction of the second prong. Cooper's comment does address some of the factors which courts consider in deciding whether the first prong has been met. *See, e.g., Gillis Associated Indus., Inc. v. Cari-All, Inc.*, 205 Ill. App. 3d 184, 564 N.E.2d 881, 885 (Ill. App. Ct. 1990) (relying in part on "significant time, effort, and expense" involved in producing customer lists to find that the first prong of the ITSA trade secrets definition was met). This is not surprising, since the question of whether the information taken by Kinnavy met the first prong of the trade secrets definition is necessarily at issue in this case. Del Monte must satisfy that prong in order to succeed in its lawsuit. However, Kinnavy expressly avoided making it an issue within the context of the summary judgment motion proceedings. Thus, the mere fact that Del Monte (or its representative) made a comment supportive of the theory

underlying its complaint in an affidavit attached to its response does not mean it was making a new argument in response to the summary judgment motion. Kinnavy was undoubtedly the first to present the argument regarding the first prong of the trade secrets definition.

### 2. Prejudice to Del Monte

Kinnavy next argues that Del Monte was not prejudiced by this tardy presentation. While the Court was convinced by Kinnavy's argument regarding the first prong of the ITSA definition, however, Del Monte is entitled to present an argument to the contrary if the Court is to consider the argument. *Commonwealth Edison v. U.S. Nuclear Regulatory Comm'n*, 830 F.2d 610, 621 n.7 (7th Cir. 1987) (holding that a party waived an argument not raised until reply, relying in part on the fact that the opposing party was thus unable to respond); *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 320, 329 (N.D. Ill. 2005). Such is the hallmark of our adversarial legal process. Indeed, Del Monte has indicated that, if provided the chance, it would argue that the time, effort, and expense involved in the development of the information taken by Kinnavy make that information sufficiently valuable to its competitors to satisfy the first prong of the ITSA definition. The Court makes no judgment here as to whether Del Monte would succeed with that argument, but notes, nonetheless, that it is not completely without merit and that Del Monte should have had an opportunity to present it before the Court relied on Kinnavy's argument in granting summary judgment. *See, e.g. Gillis*, 546 N.E.2d at 885.

In addition, Del Monte argues that it was prejudiced not only by the fact that it was not allowed to file a brief in response to Kinnavy's argument, but also because it was not given the opportunity to conduct discovery on the issue, and thus, even now, could not properly brief the issue. Kinnavy argues that Del Monte misleads the Court by making this argument for a couple of reasons. First, all of the documents which the parties agree were taken by Kinnavy are also in Del Monte's possession. Second, according to Kinnavy, Del Monte conducted substantial

discovery regarding the issue of whether any additional information was taken in a related state case. Del Monte argues that if given the opportunity, it would conduct discovery on more than just what exactly Kinnavy took, however. Del Monte asserts that it would conduct discovery on the issues of what value the information in question provided to Del Monte's competitors and whether significant time, effort, and expense would be required in order for Del Monte's competitors to "reverse engineer" that information. Kinnavy does not argue that Del Monte has had the opportunity to conduct this sort of discovery. The Court finds this to be a decidedly weaker argument than the argument above concerning the fact that Del Monte was unable to file a brief in response to the argument Kinnavy raised on reply. However, taking this into consideration, along with the fact that Del Monte was not given the opportunity to file a brief, the Court finds that Del Monte was prejudiced by the Court's reliance on that argument, and that this prejudice will not be cured merely by allowing Del Monte to file a surreply.

For these reasons, the Court finds that it committed manifest error of law by relying on an argument raised for the first time on reply, and grants Del Monte's motion for reconsideration.

## II. Motion for Summary Judgment

### A. Standard of Review

Having decided that it was improper for the Court to base its decision on the argument Kinnavy presented on reply, the Court must now reconsider Kinnavy's motion for summary judgment, focusing solely on the argument she originally presented. Summary judgment is appropriate when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating there is no genuine issue of material fact, and judgment as a

matter of law should be granted in their favor. *Id.* Once the moving party has met the initial burden, the non-moving party must offer more than a mere scintilla of evidence to survive summary judgment. *Roger Whitmore's Auto. Servs. V. Lake County, Ill.*, 424 F.3d 659, 667 (7th Cir. 2005). The non-moving party must produce specific facts showing there is a genuine issue of material fact, and that the moving party is not entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Finally, all evidence and inferences must be viewed in the light most favorable to the non-moving party. *Id.* at 255.

## B. Analysis

Kinnavy's original argument is quite simple: by relying solely on various confidentiality agreements, Del Monte failed to employ adequate security measures in satisfaction of the second prong of the ITSA trade secrets definition. Kinnavy relied on just one case for her argument. She points to *Arcor, Inc. v. Haas*, 363 Ill. App. 3d 396, 842 N.E.2d 265, 271 (Ill. App. Ct. 2005), where the court held, "we cannot find that the limited security measure of a confidentiality agreement is sufficient to satisfy the second element of a trade secret." Kinnavy also argues that Del Monte failed to even match the security measures addressed in *Arcor* because each of the agreements it entered into with Kinnavy were either unenforceable or non-binding. Kinnavy's reliance on *Arcor* would be well-founded if Del Monte did not dispute the facts surrounding the security measures that it took to protect its information. However, that is not the case.

In its original opinion on Kinnavy's motion, the Court addressed the argument that the agreements at issue were unenforceable or non-binding. The Court held that Del Monte did not have standing to enforce the Employee Agreement Relating to Assignment of Inventions and Non-Disclosure of Confidential Information, *Del Monte*, 2009 WL 743215, at *6, and that the

Policy of Trade Secret and Non-Competition was too broad and far-reaching to be enforceable, *id.* at *9. The Court did find, however, that the IT Operations Management Guide created a binding contract. *Id.* at *7. Thus, for purposes of evaluating Del Monte's security measures in light of *Arcor*, the Court will consider only the IT Operations Management Guide as a valid confidentiality agreement.[2]

In its statement of additional facts pursuant to Local Rule 56.1(b)(3)(C), Del Monte relies heavily on Cooper's testimony in challenging Kinnavy's statement of the facts, arguing that it took many reasonable, protective steps to ensure the security of its information beyond entering into agreements with Kinnavy.[3] In his affidavit, Cooper states that in order to access the database on Del Monte's computer system, Kinnavy needed a password and local network service. If she forgot her password, she had to call Del Monte's IT Department to give her access. According to Cooper, he disclosed certain sales and marketing data and information to Kinnavy "on a need to know basis." He states that Del Monte kept its files under password protection and sometimes locked and that it required each employee to have a computer login and a password that they had to change every thirty days and that they could not share with other employees. The company restricted access to confidential business-related files, Cooper says, as well as to the Arlington Heights office, and to certain floors of the Coral Gables headquarters. He states that Del Monte reminded its employees that its documents and information were

---

[2] While its title may not necessarily indicate that it is a confidentiality agreement, the IT Operations Management Guide is a binding contract which states, among other things, that employees cannot disclose "internal information" to "unauthorized persons."

[3] In her response to the motion for reconsideration, Kinnavy intimates that it was improper for Del Monte to rely on these additional facts that were not included with specificity in its First Amended Complaint. Of course, Federal Rule of Civil Procedure 8(a)(2) only requires notice pleading, not specific facts. Rule 56(e)(2), on the other hand, requires Del Monte to provide support beyond the mere allegations and denials made in his pleading, and to "set out specific facts" by affidavits or otherwise. Thus, Del Monte's reliance on the facts in Cooper's affidavit is proper.

confidential. After Kinnavy announced her resignation, Cooper says he asked her to return all Del Monte documents. He states the company sent Kinnavy a letter on May 24, 2007 which advised her "not to disclose confidential information (e.g., customer lists, pricing information, customer audit requirements) to any third party" and to return any such information in her possession immediately. In her response to Del Monte's statement of facts, Kinnavy admits many of these facts, including Cooper's statements about password-protection, restricted access to the local office, and the company's communications with her upon her resignation.

Del Monte cites two Illinois cases which rely on confidentiality agreements and limited access to hard copy and electronic files in finding that the second prong of the ITSA is met. In *Multiut Corp. v. Draiman*, 359 Ill. App. 3d 527, 834 N.E.2d 43, 50 (Ill. App. Ct. 2005), the court upheld a decision by a trial court that by "limiting access to both printed and computer-stored copies of the information and by requiring employees to sign confidentiality agreements," the plaintiff took sufficient steps to meet the trade secrets definition. In *Strata Marketing, Inc. v. Murphy*, 317 Ill. App. 3d 1054, 740 N.E.2d 1166, 1177 (Ill. App. Ct. 2000), the court denied the defendant's motion to dismiss because plaintiff's efforts included "keeping information under lock and key," "limiting computer access," and "requiring confidentiality agreements." Kinnavy, seemingly abandoning her original argument on reply in favor of the one discussed above, fails to provide any countervailing precedent in response to Del Monte's citations. In fact, in *Arcor*, the only case cited by Kinnavy, the court notes that if Arcor had taken additional measures beyond having employees sign confidentiality agreements, "such as limiting access to its customer information by computer password or keeping track of the hard copies of the information," it might have held that Arcor took sufficient steps to secure its information. 842

N.E.2d at 271. These cases indicate that the facts Del Monte points to in its response to Kinnavy's motion for summary judgment are material under the ITSA.

Kinnavy has failed to show that there is no genuine issue as to any material fact. Thus, the Court, upon reconsideration, denies Kinnavy's motion for summary judgment as to Count VIII of Del Monte's First Amended Complaint.

## CONCLUSION

For the above reasons, the Court rules as follows: Del Monte's motion for reconsideration is GRANTED; Kinnavy's motion for summary judgment as to Count VIII is DENIED.

IT IS SO ORDERED.

5/13/09
Dated

Hon. William J. Hibbler
United States District Court